United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30764
Summary Calendar

_____

TERRY D. HADLEY,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 2:03-cv-1890)

_____

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

Terry D. Hadley appeals the district court's decision affirming the Commissioner's denial of social security disability benefits. We affirm for the following reasons:

1.  We agree with the analysis offered in the magistrate judge's report and recommendation and the district court's order accepting the magistrate's recommendation.

2.  We further find that the ALJ's decision comports with the legal standards for disability determination under the Social Security Act and relevant regulations. *See* 20 C.F.R. § 404.1520(f).

3.  Hadley argues that the ALJ erred by relying exclusively on the Medical-Vocational Guidelines in finding that he was not under a disability and retains the residual functional capacity for the demands of sedentary work. Use of the Medical-Vocational Guidelines is appropriate when it is established that a claimant suffers only from exertional impairments, or that the claimant's nonexertional impairments do not significantly affect his residual functional capacity. *Loza v. Apfel*, 219 F.3d 378, 398 (5th Cir. 2000). Hadley maintains that his nonexertional limitations keep him from performing the full range of sedentary work. Hadley places strong emphasis on the medical opinion of Dr. Ayer, who concluded that Hadley would be unable to walk, crawl, or exert himself to any significant degree. Dr. Ayer did not define or otherwise explain his diagnosis. By contrast, Dr. Keairnes made a detailed diagnosis that in an eight hour workday, Hadley could stand and/or walk for two hours and sit for six

hours with normal breaks.  An ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly.  *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).  In addition to Dr. Keairnes's relatively more optimistic diagnosis, the ALJ noted Hadley's clear lungs, high oxygen saturation rates, and the fact that Hadley's chronic pulmonary disease has been brought under control.

4.     Based on the objective medical data, there is substantial evidence supporting the ALJ's finding that Hadley has the exertional capacity for sedentary work and does not have non-exertional limitations that would significantly limit his ability to perform.

Affirmed.